**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 21-cv-02389-RM-MEH

EIGHTH DISTRICT ELECTRICAL PENSION FUND; EIGHTH DISTRICT ELECTRICAL
PENSION FUND ANNUITY PLAN; EIGHTH DISTRICT ELECTRICAL BENEFIT FUND;
SUSAN KING, AS CHAIRMAN OF THE DELINQUENCY COMMITTEE FOR THE
EIGHTH DISTRICT ELECTRICAL PENSION FUND, EIGHTH DISTRICT ELECTRICAL
PENSION FUND ANNUITY PLAN AND EIGHTH DISTRICT ELECTRICAL BENEFIT
FUND; NATIONAL ELECTRICAL BENEFIT FUND; EASTERN IDAHO ELECTRICAL
JOINT APPRENTICE TRAINING TRUST; IDAHO CHAPTER, NECA; NATIONAL
LABOR-MANAGEMENT COOPERATION FUND; LOCAL LABOR-MANAGEMENT
COOPERATION FUND; INTERNATIONAL BROTHERHOOD OF ELECTRICAL
WORKERS LOCAL UNION NO. 449,

      Plaintiffs,

v.

TRINITY ELECTRIC, LLC,

      Defendant.

---

## ORDER

---

This matter is before the court on Plaintiffs' Post-Judgment Motion for Attorneys' Fees

(ECF No. 17).  For the reasons stated below, the Motion is granted.

### I.     BACKGROUND

This Motion stems from an action for alleged unpaid contributions under the Employee

Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132(g)(2), and under Collective

Bargaining Agreements and certain incorporated documents ("CBAs").  Specifically, Plaintiffs'

Complaint against Defendant Trinity Electric, LLC, seeks payment of delinquent contributions;

liquidated damages under the CBA and ERISA; interest; and reasonable attorneys' fees and

costs.  (ECF No. 1.)

Defendant was served with the complaint and other documents on September 9, 2021, but failed to timely answer or otherwise respond.  Upon Plaintiffs' motion for default, the Clerk entered an order of default against Defendant on October 7, 2021.  (ECF No. 8, 9.)  Thereafter, upon Plaintiffs' Motion (ECF No. 10) this Court entered a Default Judgment against Defendant on February 15, 2022 (ECF Nos. 15, 16).  In that Judgment the Court stated that it would address the question of attorney fees upon the filing of a motion by Plaintiffs.  Plaintiffs filed a motion for attorney fees, as well as an accompanying affidavit and Detail Fee Transaction File List on February 18, 2022.  (ECF No. 17.)  Defendant failed to file a response.

## II.    ANALYSIS

Pursuant to ERISA, 29 U.S.C. § 1132(g)(2), in any case under this provision in which a judgment in favor of the plan is awarded, the Court must award reasonable attorney's fees and costs of the action, to be paid by the defendant.  In this case, Plaintiffs have requested $7,711 in attorney fees.

To determine the reasonableness of Plaintiffs' fee request, the Court begins by calculating the lodestar amount of the fee.  This is determined by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). In this case, as previously noted, Defendant failed to file a response to the Motion for Attorney Fees.  And, upon consideration of the nature and complexity of the case and the experience of the timekeepers, the Court finds the rates reasonable.

In reviewing the amounts Plaintiffs request, the Court is mindful it has no obligation to play the "green-eyeshade accountant" as the essential goal is "to do rough justice, not to achieve auditing perfection."  *Fox v. Vice*, 563 U.S. 826, 838 (2011).  Upon such review, the Court finds

the hours charged and the work performed are reasonable. *See Jane L. v. Bangerter*, 61 F.3d 1505, 1510 (10th Cir. 1995).

### III.     CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiffs' Motion for Attorney Fees (ECF No. 17).  Based on the foregoing, the Court ORDERS that the Plaintiffs are awarded $7,711 in attorney fees.

DATED this 1st day of April, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge